IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOTUCCIO CERAULO, Individually and as Special Administrator of the Estate of SEBASTIANO CERAULO, Deceased, | ) ) ) ) | Case No. |
| Plaintiff, | ) ) | Judge |
| v. | ) ) | Magistrate Judge |
| UNKNOWN DUPAGE COUNTY SHERIFF's DEPUTIES and STAFF, | ) ) ) ) | |
| Defendants. | ) ) | **JURY DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, Totuccio Ceraulo, Individually and as Special Administrator of the Estate of Sebastiano Ceraulo, deceased, through his attorneys, Erickson and Oppenheimer, Ltd., and complaining against the Defendants, Unknown DuPage County Sheriff's Deputies and Staff, states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under the color of law of Sebastiano Ceraulo's rights as secured by the United States Constitution.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district.

## THE PARTIES

4. Plaintiff is a resident of the Northern District of Illinois. Plaintiff sues on behalf of his son, Sebastiano Ceraulo, who was a detainee at the DuPage County Jail at the time of his death.

5. Defendants Unknown DuPage County Sheriff's Deputies and Staff (hereinafter the "individual defendants") were at all relevant times hereto employed by DuPage County as correctional officers and staff at DuPage County Jail acting under color of law and within the scope of their employment. These defendants are being sued in their individual capacity.

## FACTUAL ALLEGATIONS

7. On or about January 4, 2016, Mr. Ceraulo (the "decedent") entered the DuPage County Jail as a pre-trial detainee. Mr. Ceraulo was placed in custody because of a probation violation stemming from a urine test that resulted in a positive finding for the presence of one or more illegal substances.

8. On or about January 7, 2016, Mr. Ceraulo died from an electrolyte imbalance and dehydration.

9. Prior to January 2016, Mr. Ceraulo had been housed in DuPage County Jail, including without limitation from September 7, 2014 through December 22, 2014.

10. A pre-sentence report prepared by the Department of Probation and Court Services for the Eighteenth Judicial Circuit Court in DuPage County in December 2014 indicates that Mr. Ceraulo stated he was under the influence of heroin when he was arrested on September 7, 2014. The report further indicates that Mr. Ceraulo

began using heroin in late 2012 and that by late 2013, Mr. Ceraulo was using heroin on a daily basis.

11. Mr. Ceraulo was convicted in connection with his September 7, 2014 arrest. In addition to being sentenced to serve 180 days at DuPage County Jail, Mr. Ceraulo was also sentenced to T.A.S.C. probation for a period of two years.

12. On information and belief, when Mr. Ceraulo entered DuPage County Jail on January 4, 2016, staff at the jail knew or should have known that Mr. Ceraulo had a history of substance abuse.

13. The individual defendants knew or should have known that Mr. Ceraulo was in custody on January 4, 2016 because of a probation violation stemming from the use of illegal substances.

14. Soon after entering the jail on January 4, 2016, Mr. Ceraulo began demonstrating clear and obvious signs of withdrawal from heroin.

15. Opiate addition is recognized as a brain disorder that is caused by the use of opiate based drugs, including heroin.

16. Prolonged use of opiates can lead to nerve damage within the brain that causes cells to stop producing their own opiates. This effect can lead to an inability of the body to stop pain because there are no endorphins to mask the pain initially. The degeneration of the nerve cells that reduce pain can lead to a physical dependence on opiates as an external supply source.

17. Long term opiate abuse leads to physical dependence, which causes withdrawal. Withdrawal is a physical illness that results when an individual stops

using opiates. Opiate withdrawal can be difficult and potentially deadly, if not identified and treated properly.

18. Symptoms of opiate withdrawal typically begin in the first 24 hours after drug usage stops and can include: muscle aches, restlessness, anxiety, lacrimation, runny nose, excessive sweating, and inability to sleep.

19. Symptoms of opiate withdrawal tend to increase in severity if left untreated. An individual suffering from untreated opioid withdrawal typically exhibits symptoms, including but not limited to: diarrhea, abdominal cramping, goose bumps on the skin, nausea and vomiting, dilated pupils and possibly blurry vision, rapid heartbeat and high blood pressure.

20. Early treatment of opiate withdrawal alleviates symptoms and prevents progression of symptoms and death.

21. Opiate withdrawal is a very common condition that, when recognized and treated, rarely results in death.

22. It is well known to all levels of medical professionals as well as prison and jail staff that if left untreated, or improperly treated, opiate withdrawal can result in severe dehydration due to prolonged vomiting or diarrhea, and, ultimately, death.

23. While in custody from January 4 to January 7, 2016, Mr. Ceraulo's condition continued deteriorating each day and exhibited obvious opiate withdrawal symptoms to the extent that it was readily apparent to the individual defendants that he was in serious need of medical attention. Despite the fact that the individual defendants knew or should have known of Mr. Ceraulo's serious medical needs, they

ignored facts that Mr. Ceraulo was exhibiting obvious withdrawal symptoms and failed to take the necessary action to provide Mr. Ceraulo with proper medical care.

24. As a direct result of Defendants' misconduct, Mr. Ceraulo experienced unnecessary pain and suffering, culminating in his death. Mr. Ceraulo died from dehydration due to lack of appropriate medical care.

25. As a direct result of Defendants' misconduct, Plaintiff suffered injury, including without limitation, extreme pain and suffering caused by the untimely death of his son, Sebastiano Ceraulo.

## COUNT I
## DELIBERATE INDIFFERENCE – 42 U.S.C. §1983

26. Each paragraph of this Complaint is incorporated as if set forth herein.

27. Defendants, at all relevant times hereto, were responsible for providing detainees, including the decedent, with adequate medical care at DuPage County Jail.

28. Mr. Ceraulo, at all relevant times hereto, was an inmate at DuPage County Jail and was subject to Defendants' care and medical services.

29. Mr. Ceraulo had a clearly established right under the Fourteenth Amendment to the U.S. Constitution to be free from deliberate indifference to his known serious medical needs and to receive proper and adequate medical care while incarcerated and under the custody and control of the individual Defendants at the DuPage County Jail.

30. Each individual Defendant knew or should have known of this clearly established right at the time of Mr. Ceraulo's death.

31. At all times relevant to the allegations in this Complaint, each individual Defendant knew of and disregarded the excessive risks associated with Mr. Ceraulo's serious and life-threatening medical condition.

32. Nevertheless, with deliberate indifference to Mr. Ceraulo's constitutional right to adequate medical care, as provided by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Defendants knowingly failed to examine, treat, and/or care for Mr. Cerualo's worsening condition. They did so despite their knowledge of Mr. Ceraulo's serious medical needs, thereby placing him at risk of serious physical harm, including death. Therefore, Defendants knew or were aware that Mr. Ceraulo faced a substantial risk of harm and disregarded this excessive risk by failing to take measures to reduce it.

33. On information and belief, when Mr. Ceraulo and/or and others acting on his behalf alerted the individual Defendants to Mr. Ceraulo's need for medical assistance, Defendants acted with deliberate indifference to Mr. Ceraulo's readily apparent need for medical attention and his constitutional rights by refusing to obtain and provide any medical treatment for him.

34. All of the deliberately indifferent acts of each individual Defendant were conducted within the scope of their official duties and employment.

35. The acts or omissions of each individual Defendant were the legal and proximate cause of Mr. Ceraulo's death.

36. The acts and omissions of each individual Defendant caused Mr. Ceraulo damages in that he suffered extreme physical and mental pain while he was in Defendants' custody for approximately four days.

37. The intentional actions or inactions of each individual Defendant as described herein intentionally deprived Mr. Ceraulo of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, and caused him other damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the individual Defendants, jointly and severally, awarding compensatory and punitive damages, as well as costs and attorneys' fees.

## COUNT II
## WRONGFUL DEATH – 740 ILCS 180/2

38. Each paragraph of this Complaint is incorporated as though set forth herein.

39. At all relevant times, the individual Defendants had a duty to the decedent to refrain from willful and wanton acts or omissions which could cause suffering or death to the decedent.

40. As detailed above, the Defendants breached their duty to the decedent by willfully and wantonly committing one, more, or all of the following acts or omissions:

    a. Deliberately ignoring the serious medical needs of the decedent;

    b. Failing to provide access to adequate medical treatment for a serious condition of which they were aware;

    c. Failing to provide timely and/or proper medical treatment for a serious condition of which they were aware;

    d. Otherwise acting willfully and wantonly toward decedent, in total disregard to his serious medical needs.

41. As a direct and proximate result of one or more of the foregoing grossly negligent, willful and wanton acts and/or omissions of the individual defendants, the decedent was caused to die on or about January 7, 2014.

42. The decedent left surviving him his parents and various siblings.

43. By reason of the death of decedent, decedent's heirs have been deprived of the support, comfort, protection, and society of the decedent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants, jointly and severally, awarding compensatory and punitive damages, plus costs.

## COUNT III
## SURVIVAL ACTION--755 I.L.C.S. 5/27-6

44. Each paragraph of this Complaint is incorporated as though fully set forth herein.

45. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, the decedent was caused to experience pain and suffering from January 4, 2016 up to the time of his death on January 7, 2016.

46. During this period of time, Mr. Ceraulo was conscious and suffered great pain and agony prior to his death, proximately caused by the foregoing stated acts and/or omissions of the Defendants.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants, jointly and severally, awarding compensatory and punitive damages, plus costs.

**Jury Demand**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Ronak Maisuria

Erickson & Oppenheimer
223 W. Jackson, Ste. 510
Chicago, IL 60606
(312) 327-3370